IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

```
GARFIELD ALLAN RODGER,           §
                                 §
                  Plaintiff,     §
                                 § Civil Action No. 3:05-CV-2406-D
VS.                              §
                                 §
UNITED STATES OF AMERICA,        §
                                 §
                  Defendant.     §
```

MEMORANDUM OPINION
AND ORDER

In this suit challenging an Internal Revenue Service Appeals Office ("IRS Appeals") determination to sustain levy actions against plaintiff Garfield Allan Rodger ("Rodger"), defendant United States of America ("the government") moves for summary judgment. The dispositive question presented is whether IRS Appeals abused its discretion by refusing to grant Rodger a requested installment plan to pay delinquent employment tax trust fund penalties. Concluding that IRS Appeals did not abuse its discretion, the court grants the motion and dismisses this case with prejudice.

I

Rodger brings this action against the government seeking a redetermination of a tax levy issued by IRS Appeals following a collection due process proceeding. The IRS assessed employment tax trust fund penalties against Rodger for the third quarter of 2000 through the third quarter of 2002. To collect these penalties, the IRS issued levy notices to Rodger. Rodger requested a collection

due process hearing with IRS Appeals. Rodger discussed the contemplated levy action with Christopher Darling ("Darling"), the IRS Appeals Officer assigned to the case. The discussions primarily revolved around Rodger's request to enter into a $4,000 per month installment plan. Darling agreed to consider the request, but stated that such an installment plan would be granted only if certain conditions were met, including, *inter alia*, that Rodger's businesses were currently in compliance with their tax obligations. Darling addressed these conditions in a letter. In response, Rodger provided several employment tax and corporate income tax returns that Darling had requested. Rodger did not, however, provide proof that all of his businesses were timely depositing employment taxes. IRS Appeals required this information because IRS transcripts showed that two of Rodger's businesses were not making timely deposits. Based on Rodger's inability to keep his businesses in current tax compliance, IRS Appeals issued a determination letter sustaining the levy actions. Rodger alleges that IRS Appeals abused its discretion by denying his request to enter into an installment agreement.

II

A

The government contends that IRS Appeals rationally decided not to grant the requested installment plan based on Rodger's continued failure to timely file tax returns and deposit taxes.

Because the penalties underlying the levy actions originated from Rodger's history of non-compliance, the government argues that it was not an abuse of discretion for IRS Appeals to condition the requested installment plan on Rodger's ability to stop accruing new delinquencies.

Roger does not contest that his businesses were non-compliant with their tax obligations at the time of the appeal, nor does he disagree that this fact was a basis for IRS Appeals' decision. Instead, Roger contends that the decision was based in large part on "speculative, unfounded assumptions." P. Br. 7. He argues that there are genuine issues of material fact as to several of the factors described in the determination letter as the basis for the denial of the installment plan request.[1] For example, the letter concluded on the basis of certain tax returns that the value of the interest owned by Rodger's wife in one of his businesses seemed greater than the value reported on certain business forms. Roger contends that it is improper for IRS Appeals to base its determination on speculation about this issue. He also points to the part of the letter that considers whether some of the businesses paid for the personal expenses of Rodger and his wife, and it concludes that "[s]ome of these questions will need to be

---

[1]Because the question whether IRS Appeals abused its discretion is a question a law, the existence of such fact issues, if any, does not preclude the court from deciding this case on motion for summary judgment.

explored in-depth before [the IRS Appeals Officer is] comfortable approving an installment agreement." *Id.* Rodger contends that IRS Appeals failed to explore these issues before making its determination. Rodger also argues that IRS Appeals failed to substantiate its opinion that he had not "displayed sufficient financial discipline and fiscal management skills." *Id.* at 8. In sum, Rodger contends that the decision to reject the proposed installment plan was based on a "gut feeling," and, as such, it does not satisfy the government's burden of establishing that the determination was rational as a matter of law.[2]

B

Where, as here, the underlying tax liability is not at issue, the court reviews IRS Appeals' decision under an abuse of discretion standard. See *Christopher Cross, Inc. v. United States*, 461 F.3d 610, 612 (5th Cir. 2006) (adopting *de novo* standard of review for underlying tax liability issues and abuse of discretion standard for all other decisions). The court holds that IRS

---

[2]Rodger also submits with his response brief evidence of recent payments and other actions undertaken to bring his businesses into compliance. Rodger contends that the government fails to take note of these facts. Because these actions occurred *subsequent to* the IRS Appeals' decision, they are irrelevant in determining whether IRS Appeals abused its discretion. Accordingly, the court will not consider this information in deciding the government's summary judgment motion. *See, e.g., Kitchen Cabinets, Inc. v. United States*, 2001 WL 237384, at *1 (N.D. Tex. Mar. 6, 2001) (Lynn, J.) (holding that evidence of payment of taxes accruing after notice of determination is irrelevant to court's review of decision of appeals officer).

Appeals did not abuse its discretion when it decided not to allow Rodger to make the unpaid tax payments under an installment plan.

Section 6330(c) of the IRS Restructuring and Reform Act of 1998 instructs IRS Appeals to consider the following three factors in its collection determinations: first, verification of IRS compliance with all applicable law and administrative procedures; second, issues raised by the taxpayer; and third, whether the proposed collection action balances "the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c). The determination letter discusses each of these three factors. Rodger's complaint concerns only the second factor⸺whether IRS Appeals adequately considered the installment plan proposal (the only taxpayer issue raised in the IRS Appeals proceeding).

The appeals case memorandum devotes most of its reasoning to this specific issue, and it ultimately rejects the proposal based on a combination of factors. The government contends that the primary basis for the rejection was Rodger's non-compliant status. Although the letter does not explicitly state that this factor was dispositive, it is clear that it was the primary reason for IRS Appeals' determination. The first three of the five factors cited as the basis for not accepting the proposed installment plan relate to non-compliance issues. Further, the record of conversations

between Darling and Rodger also places primary emphasis on this factor. *See* D. App. 16 (describing compliance as the first factor that needs to be addressed in the installment plan determination).

Several courts have concluded that a taxpayer's inability to remain current on his tax obligations is a proper basis for rejecting collection alternatives that the taxpayer proposes. *See Stop 26-Riverbend, Inc. v. United States,* 2003 WL 1908747, at *3 (S.D. Ohio Mar. 12, 2003) (affirming IRS Appeals decision not to extend installment plan on the basis that company was not current on its tax obligations); *Jon H. Berkey, P.C. v. Dep't of the Treasury,* 2001 WL 1397680, at *5 (E.D. Mich. Sept. 20, 2001) ("A proposed installment agreement may properly be rejected by the IRS where the taxpayer . . . has a history of non-compliance with payroll tax laws."); *AJP Mgmt. v. United States,* 2000 WL 33122693, at *2 (C.D. Cal. Nov. 27, 2000) ("The Court finds that [the appeals officer] did not abuse his discretion to reject the proposed collection alternatives for past liabilities when the plaintiff was not meeting its current payroll tax obligations."). Rodger has not established that IRS Appeals abused its discretion in how it evaluated his non-compliant status at the time of the appeal, nor does he argue that non-compliance cannot of itself be reason to deny a proposed installment plan.

Rodger's argument focuses instead on the speculative nature of the two final factors cited in the determination letter as the

basis for the denial of the installment plan. These two factors, which the court discusses above, do not appear to have been dispositive, however, in IRS Appeals' determination, and do not diminish the primary reliance on the non-compliance considerations. Considering the emphasis placed on the non-compliance factors, Rodger has not shown, based on the secondary, somewhat speculative considerations, that IRS Appeals abused its discretion in determining to sustain the levy actions.

IV

Rodger requests that the court deny the government's motion or, alternatively, hold it in abeyance for at least 60 days after a Tax Court rules on his pending lawsuit in that forum. Rodger requests this abeyance so that he can continue to negotiate a resolution with the IRS of both lawsuits. The court declines to grant this request. Although this court frequently stays dispositive rulings when *both* sides seek such relief so that they can pursue settlement negotiations, it does not do so based on a unilateral request. Moreover, the court does not discern——and Rodger does not explain——a basis on which a ruling of the Tax Court on a different matter would affect the question presented in this case. It appears that he is simply interested in a global settlement of issues he has with the IRS. The court will not delay its decision on this basis.

* * *

Accordingly, the court grants the government's August 30, 2007 summary judgment motion and dismisses this action with prejudice by judgment filed today.

**SO ORDERED.**

February 5, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE